**David A. WILLIAMS, Plaintiff–Appellant,**

v.

**State of KANSAS; Charles E. Simmons, Warden, El Dorado Correctional Facility; William L. Cummings, Director, El Dorado Correctional Facility, Defendants–Appellees.**

No. 03–3170.

United States Court of Appeals, Tenth Circuit.

Oct. 2, 2003.

David A. Williams, El Dorado Correctional Facility, El Dorado, KS, for Plaintiff–Appellant.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.*

---

* After examining the briefs and the appellate    record, this three-judge panel has determined

**ORDER AND JUDGMENT**[**]

PAUL KELLY, JR., Circuit Judge.

Mr. Williams, an inmate appearing pro se, appeals from the district court's order dismissing his civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Williams sought damages against the State of Kansas and various prison officials contending that the Kansas Supreme Court did not correctly apply the law. The district court first dismissed the action without prejudice for procedural noncompliance. Mr. Williams filed a notice of appeal. Thereafter, the district court granted Mr. Williams' motion to alter or amend the judgment upon finding that Mr. Williams indeed had complied. R. Doc. 10 at 1–2. Accordingly, the district court vacated its earlier order and judgment, dismissed Defendant Simmons, and held that any damage claims against the Kansas Supreme Court would be barred by absolute judicial immunity. R. Doc. 10 at 4; *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The district court dismissed the action with prejudice.

Mr. Williams did not file another notice of appeal (or an amended notice of appeal) from the district court's order and judgment acting upon his motion to alter or amend the judgment. *See* Fed. R.App. P. 4(a)(4)(B)(ii). However, in these circumstances we construe Mr. Williams' request for appointment of counsel, R. Doc. 14, as the functional equivalent of an amended notice of appeal because it provides some notice of his desire to appeal the district court's order on his motion to alter or amend judgment. *See Smith v. Barry*, 502

U.S. 244, 248–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).

■ Although Mr. Williams argues the merits of his case on appeal, this action is barred for other reasons. The State of Kansas is not considered a "person" and is therefore not a proper § 1983 defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moreover, Mr. Williams fails to allege facts establishing Simmons and Cummings personally caused a constitutional violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[P]ersonal participation is an essential allegation in a § 1983 claim.").

■ Additionally, to the extent that Mr. Williams is attempting to assert claims for damages against the individual defendants in their individual capacities, this action would be premature given *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which requires that Mr. Williams first demonstrate that his conviction or sentence has been reversed or otherwise declared invalid. To the extent the complaint really lies against the justices of the Kansas Supreme Court (as interpreted by the district court), it is barred by absolute judicial immunity.

AFFIRMED. Mr. Williams is reminded that he must continue to make partial pay-

---

unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ments of the appellate filing fee until the entire balance is paid.